{¶ 20} I respectfully dissent. As the majority opinion states, our standard of review in child support matters is an abuse of discretion by the trial court. Swank v. Swank (Feb. 19, 2003) 9th Dist. No. 21207, at *3. An abuse of discretion reflects more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 21} The majority opinion states:
"[T]his Court finds that appellee cannot be said to be working to full capacity.
"This Court makes such a finding based on the very specific facts o[f] this case. Specifically, where, after the recommendation by CSEA that an obligor-parent's child support obligation should be increased, that parent asserts an intention to quit his job rather than abide by the recommendation to pay more support and in fact does quit his job, a trial court does not abuse its discretion by finding that the parent is underemployed."
However, the facts articulated here by the majority do not reflect those actually underlying the instant case. In this case, the trial court found that the Appellee was not underemployed. Therefore, the issue is not whether another trial court coming to the opposite conclusion of the trial court in this case abused its discretion.